HARRY WOMERSLEY, PLAINTIFF-RESPONDENT, v. EUGENE NICOSIA, DEFENDANT-APPELLANT.

Argued May 7, 1946—Decided June 27, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the appellant, *Dominick F. Pachella.*

Per Curiam.

This is a real estate broker's suit for commission for procuring a purchaser of real estate. There was a contract in writing between the defendant owner and the prospective purchaser, executed under seal: and the last paragraph thereof, together with the signatures, states that the owner "recognizes" the respondent, plaintiff below, as the broker and agrees to pay a stated commission of five per cent. It seems to follow that the plaintiff broker had earned his commission; but it is argued for the appellant vendor that because the vendor's wife had refused to join in and execute the contract of sale such action nullified the broker's claim for commission. We find nothing in the contract to any such effect. The contract of sale, in writing and under seal, signed by the appellant as owner, and by the intending purchaser, contains a paragraph expressly agreeing to pay the commission of five per cent., "same to be due and payable on execution and delivery of this agreement of sale."

The purchaser quite naturally and properly refused to complete the purchase unless the wife joined in the deed. Of course he could not compel her to do so. But the broker had performed his service and was entitled to his commission. The District Court properly entered judgment for the broker: and that judgment is accordingly affirmed.